## OWENS v. EDGIN et al.

No. 17091—Opinion Filed March 9, 1926.

(Syllabus.)

**Appeal and Error—Case-Made—Service Upon Necessary Parties.**

Where A. brings an action to foreclose a mortgage executed by B. or his assigns, owners of the property, and C. interpleads claiming title in himself, and the title is decreed to be in B., and C appeals, B. must be served with case-made.

Error from District Court, Pontotoc County; J. W. Bolen, Judge.

Action between George Washington Owens and Nathan Edgin, Joe Sanford, executor, and others. From an adverse judgment, Owens brings error. Appeal dismissed.

Wadlington & Wadlington, for plaintiff in error.

McKeel & Kerr, for defendant in error.

PER CURIAM. This action was brought by the Conservative Loan Company in the district court of Pontotoc county against Fred Bowles, A. L. Bowles, et al. to foreclose a second mortgage. Joe Sanford, executor, moved the court to be made a party defendant, which motion was sustained, and he filed an answer and cross-petition seeking to foreclose the first mortgage of which he was the holder. Plaintiff in error filed an interplea in which he sought to have title to the mortgaged property decreed in himself and to recover rents and profits for five or six years past. The defendants Bowles had purchased the property from their codefendants Edgin & Crisp and had assumed the payment of the mortgage held by Sanford. When the case was called for trial the Conservative Loan Company admitted the superiority of the mortgage held by Sanford and declined to participate further. Upon the trial of the case defendants Bowles were represented by Thomas P. Holt, of the Ada bar, and cross-petitioner, Sanford, was represented by McKeel and Kerr. The other defendants were unrepresented and will not be considered further. Judgment was rendered in favor of the Bowles against plaintiff in error, and they were adjudged to be the owners of the property, and judgment was rendered in favor of Sanford against plaintiff in error and all the defendants in error and the mortgage held by him ordered foreclosed. From this judgment, plaintiff in error appealed and served case-made on J. F. McKeel, attorney of record for Joe Sanford, executor, as appears from sworn statement of service by B. C. Wadlington, attorney for plaintiff in error.

Defendant in error now moves to dismiss the appeal for the reason that case-made was not served on defendants in error Fred and A. L. Bowles, or their attorney of record. The controversy over the title to the property, which was a tract of land in Pontotoc county, was between plaintiff in error and defendants in error Bowles, and it was nec-

essary that they be served with case-made. The very gist of the controversy was between plaintiff and defendants in error Bowles, and before he could hope to defeat the mortgage held by Sanford, executor, he must defeat the Bowles and have title to the property decreed in him.

Until the issue between plaintiff in error and defendants in error Bowles is settled in favor of plaintiff in error, there is no issue between plaintiff in error and Sanford, executor, holder of the mortgage. The Bowles having been decreed title to the property which plaintiff in error seeks to recover, their interest is such and may be so affected by decree of this court that it is indispensable that they be served with case-made, and this not having been done, the appeal is dismissed. Barrows et al. v. Cassidy et al., 113 Okla. 114, 239 Pac. 581.

Note.—See under (1) 4 C. J. p. 354 § 2000; 2 R. C. L. p. 158; 1 R. C. L. Supp. p. 418; 4 R. C. L. Supp. p. 86; 5 R. C. L. Supp. p. 75.